**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| PAMELA F. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-03315-CV-S-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is the Plaintiff's appeal of the Social Security Administration's denial of her application for disability insurance benefits and supplemental security income. The Court has conducted an independent review of the record and considered the arguments set forth in the parties' briefs. For the reasons discussed herein, the Defendant's decision is VACATED AND REMANDED.

**Background**

The complete facts and procedural history are discussed at length in the parties' briefs and are repeated here only to the extent necessary.

**Standard**

The Court's review of the Defendant's decision is limited to whether it is consistent with the relevant case law, statutes and regulations, and whether the ALJ's findings of fact are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence review is a deferential standard intended to determine whether the evidence was "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Gonzales v. Barnhart,* 465 F.3d 890, 894 (8th Cir. 2006). Substantial evidence is "less than a preponderance." *Id.* The purpose

of substantial evidence review is not to reach an independent conclusion, and thus it is irrelevant that there may have been substantial evidence for a different result. *Nevland v. Apfel,* 204 F.3d 853, 857 (8th Cir. 2000). The Court must consider the entire record, including evidence that detracts from the ALJ's decision. *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008).

In determining a claimant's eligibility, the Defendant employs a five-step process. First, the Defendant determines if the claimant is engaged in "substantial gainful activity."[1] If so, the claimant is not disabled. If not, the inquiry continues. Next, the Defendant determines if the claimant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the duration requirement,[2] the inquiry continues. If not, the claimant is not disabled. Next, the Defendant considers whether any such impairment is a "listing impairment" found in Appendix 1 of 20 C.F.R. § 404.1520. If so, the claimant is disabled. If not, the inquiry continues. Next, the Defendant considers whether the claimant's residual functional capacity ("RFC") includes the ability to perform past relevant work.[3] If so, the claimant is not disabled. If not, the inquiry continues. Finally, the Defendant considers whether, in light of the claimant's age, education and work experience, the RFC finding would allow the claimant to make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(i)-(v). If so, the claimant is not disabled. If not, the claimant is found disabled and the inquiry ends. As the party requesting relief, claimants bear the burden to prove that they are disabled. However, at Step 5, the Defendant is "responsible for providing evidence that demonstrates that other work

---

[1] Work is substantial if it "involves doing significant physical or mental activities…" Work is gainful if it is "do[ne] for pay or profit…[or] the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572. Thus, work must be substantial *and* gainful, but need not be *substantially gainful*.
[2] "Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement." 20 C.F.R. § 416.909.
[3] The Defendant defines RFC as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1).

exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. § 404.1560(c)(2).

In denying the Plaintiff's application, the ALJ found that she had not engaged in substantial gainful activity since her alleged onset date of July 15, 2005. R. at 13. The Plaintiff has the severe impairments of "status post lumbar surgery, status post shoulder surgery, history of chronic obstructive pulmonary disease, hypothyroidism, mild sleep apnea, [and] adjustment disorder with anxiety and depression." *Id.* The ALJ determined that the Plaintiff did not have a listing impairment. *Id.* at 14. He found that the Plaintiff retained the RFC to perform sedentary work as defined by the Defendant's regulations, but "should avoid work above the shoulder level and be limited to simple, repetitive tasks and incidental contact with the public." *Id.* at 15. The ALJ then found that the Plaintiff could not perform any past relevant work. *Id.* at 22. However, at Step 5, the ALJ found that the Plaintiff's RFC allowed her to perform other work, including as a "final assembler," "electronic assembler," or "hand packager" and she was therefore not disabled. *Id.* at 23-24.

The ALJ decision appealed from in this case was dated June 25, 2009. *Id.* at 24. The Appeals Council denied review on June 11, 2010. *Id.* at 1-3. The Appeals Council noted that a subsequent agency action found that the Plaintiff was under a disability beginning on July 2, 2009, but that this did not warrant disturbing the ALJ decision at issue here. *Id.* at 2. The Plaintiff contends that the Commissioner erred in three respects: the ALJ in (1) failing to properly determine the weight to be given to medical opinions and (2) in determining the Plaintiff's RFC, and the Appeals Council (3) in failing to properly consider new and material evidence. Because the Court finds that remand is appropriate on the issue of the weight given to

treating sources, it does not reach the RFC issue, because this may change on remand.  However, the Court will discuss the issue of new evidence presented to the Appeals Council.

## Discussion

### A. Substantial Evidence Does Not Support the ALJ's Allocation of Weight to Medical Opinion Evidence

The Defendant's regulations establish a framework for apportioning weight to medical opinions.  20 C.F.R. § 404.1527(d).  The ALJ must consider all medical opinions.  Treating sources are given controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in your case record…"  *Id.* at 404.1527(d)(2).  Otherwise, treating sources are evaluated upon consideration of the "[l]ength of the treatment relationship and the frequency of examination…[the]     [n]ature     and     extent     of     the     treatment relationship…[s]upportability…[c]onsistency…[s]pecialization…[and   o]ther   factors…which tend to support or contradict the opinion."   *Id.* at 404.1527(d)(2)-(6).   As a general rule, examining sources are entitled to more weight than non-examining sources and treating sources are entitled to more weight than non-treating sources.  *Id.* at 404.1527(d)(1)-(2).  The Plaintiff contends that the ALJ erred in failing to give proper weight to three treating sources: Dr. Modaser Shah, M.D., treating psychiatrist; Dr. Michelle Whitmire, Psy.D., treating psychologist and Dr. Lindsey Brooks, Psy.D., treating psychologist.  These three sources provided checklist-format "Medical Source Statements" which assess the Plaintiff with a variety of moderate, marked, or extreme limitations.  For example, Dr. Shah found the Plaintiff to be "markedly limited" in "[t]he ability to work in coordination or proximity to others without being distracted by them."   R. at 607.   The ALJ gave "only…some weight" to Drs. Shah and Whitmire's statements, finding them to be inconsistent with the treatment records and tended to show that

the "overarching theme" was that the Plaintiff's issues were "situational." R. at 21-22. The ALJ gave "little to no weight" to Dr. Brooks's statement "since it was based on 3 sessions which were 7 months prior" to the completion of the checklist. R. at 22.

It seems clear that—at the very least—the Plaintiff's RFC would be reduced if these sources were given controlling weight.[4] The Eighth Circuit has held that these types of checklist-format statements may be of limited evidentiary value, even when they come from a treating source, if they are conclusory. *See, e.g., Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir. 2010). However, the ALJ based his decision to limit the weight given these sources on his view that the overall records showed that the Plaintiff's issues were situational, the fact that she discontinued treatment with Dr. Whitmire and the limited contact with Dr. Brooks. It is well-established that the Court should review the actual basis for the ALJ's decision, not "post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Grogan v. Barnhart,* 399 F.3d 1257, 1263 (10th Cir. 2005). *See also SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947) (noting the "a simple but fundamental rule of administrative law…that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency"). Accordingly, the Court will only consider whether the ALJ's stated reasons for discounting these sources were lawful and supported by substantial evidence.

Regarding Dr. Brooks, the Court finds that the ALJ properly declined to give her views controlling weight and discounted her opinion because it was not well-supported. The ALJ

---

[4] For example, Dr. Shah found that the Plaintiff was "markedly limited" in her ability to "maintain attention and concentration for extended periods," whereas Dr. Whitmire found that she was "extremely limited" in this area. R. at 607, 631. Given that the ALJ assessed the Plaintiff with a limited ability to perform even sedentary work, these assessments are quite significant.

noted that Dr. Brooks saw the Plaintiff three times, the last of which was seven months prior to her statement. This is proper under the Defendant's regulations because the ALJ relied on the length, frequency, and nature and extent of the treatment relationship, in addition to supportability. 20 C.F.R. § 404.1527(d)(2)(i)-(ii). Regarding Drs. Shah and Whitmire, the ALJ found that the record evidence, such as their treatment notes, indicated that the depression was situational. *See Dunahoo v. Apfel,* 241 F.3d 1033, 1039-40 (8th Cir. 2001) (finding that "depression…due to her denial of food stamps and workers compensation…was situational…[and t]here is substantial evidence on the record that Dunahoo's depression did not result in significant functional limitations"). It is not readily apparent what factors the ALJ was referring to, but the Defendant's brief notes that the Plaintiff was kicked out of her daughter's home, dealt with emotional and physical abuse from her husband, reported witnessing possible sexual abuse of her granddaughter by her husband, and dealt with her sister's serious cancer. R. at 612-16, 620-29, 636-38. The Court notes that the Plaintiff has not been assessed as having a psychotic condition or major depressive disorder, but rather an adjustment disorder with depression and anxiety. Adjustment disorders, as defined by the DSM-IV, are inherently based on the circumstances. "The essential feature of an Adjustment Disorder is a psychological response *to an identifiable stressor or stressors* that results in the development of clinically significant emotional or behavioral symptoms." American Psychological Association, *Diagnostic and Statistical Manual of Mental Disorders* 679 (4th ed. 2000) (emphasis added). So to say that a claimant's adjustment disorder is "situational" is redundant and not particularly helpful in light of treating sources which assess the claimant with severe limitations. Unlike Dr. Brooks, Drs. Shah and Whitmire provided their statements in the midst of their treating relationships with the Plaintiff. Finally, the ALJ noted that the Plaintiff ended treatment

voluntarily, but also notes that Dr. Whitmire was concerned with this decision and encouraged the Plaintiff to be in contact if she needed treatment in the future. R. at 670. Given the Plaintiff's hearing testimony that she suffers from constant sadness and panic attacks, the fact that she had previously chosen to stop treatment seems less relevant. R. at 34-35.

In short, the Court cannot find that substantial evidence supports the ALJ's decision to allocate only "some weight" to Drs. Shah and Whitmire, both of whom are treating sources, and cannot accept the Defendant's post hoc reasoning that checklist-format Medical Source Statements were unacceptably conclusory.[5] The Court expresses no view on what weight should have been given these sources, as that is a decision for the ALJ. An award of benefits is not appropriate at this stage, because the Court cannot find that "the record overwhelmingly supports" an immediate award of benefits. *Buckner v. Apfel,* 213 F.3d 1006, 1011 (8th Cir. 2000). Accordingly, the case will be remanded for further consideration of the weight to be given to Drs. Shah and Whitmire's assessments and explanation of such decisions. The Court will not consider the Plaintiff's arguments regarding the RFC due to the chance that reconsideration of medical opinion will render the previous RFC moot.

### B. The Appeals Council Did Not Fail to Consider New and Material Evidence

In support of her appeal to the Appeals Council, the Plaintiff submitted seven exhibits totaling 145 pages. By her own admission, the exhibits "are from dates *following closely after* the ALJ decision." Doc. 13 at 48 (emphasis added). The Appeals Council must consider new and material evidence. 20 C.F.R. § 404.970(b). Evidence is "new" if it is "more than merely cumulative" and is "material" if it is "relevant to claimant's condition for the time period for which benefits were denied." *Lamp v. Astrue,* 531 F.3d 629, 632 (8th Cir. 2008) (citations

---

[5] Additionally, Dr. Shah provided some explanation in the form of notes in the margins. For example, he explained that his finding of a marked limitation in the ability to complete a normal workday was due to "emotional instability [and] cognitive-executive deficits." R. at 608.

omitted).  The records cited by the Plaintiff range up to January of 2010—seven months after the ALJ decision at issue.  She does not cite, nor is the Court able to find, any medical records contained therein which assess or describe her condition during the relevant period.  Accordingly, the Appeals Council did not fail to consider material evidence and the ALJ is not required to consider this material on remand.

### Conclusion

The Appeals Council did not fail to consider new and material evidence, because none of the submitted exhibits relate to the relevant period.  The Defendant's regulations require deference to treating sources.  The ALJ failed to properly explain his decision to allocate "some weight" to the views of Drs. Shah and Whitmire.  An RFC based on their statements would likely be more limited that the ALJ's RFC determination.  For these reasons, the Court finds that substantial evidence does not support the ALJ's allocation of weight to medical opinion.  Accordingly, the Defendant's decision is VACATED AND REMANDED for further consideration consistent with this Order.

**IT IS SO ORDERED**

Dated: August 10, 2011                                  /s/ Greg Kays
                                                        GREG KAYS,
                                                        UNITED STATES DISTRICT JUDGE